Filed 1/6/21  Morrow-Meadows Wage and Hour Cases CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MORROW-MEADOWS WAGE AND HOUR CASES. | 2d Civ. No. B298816<br>JCCP No. 4858<br>(Los Angeles County Super. Ct. No. BC590427, San Diego County Super. Ct. No. 37-2015-00033224-CU-OE-CTL) |

   This appeal involves a pair of complex civil actions that were coordinated for trial.  The first was a class action brought against the Morrow-Meadows Corporation by Marie Pacheco and Rafael Robinson (collectively, Appellants) that alleged violations of various Labor Code and Business and Professions Code provisions.  It did not seek relief pursuant to the Private Attorney General Act (PAGA).  The second was brought by Araceli Noriega.  In contrast to the Pacheco action, the Noriega action did not seek classwide relief, but did seek PAGA relief.

   After the actions were coordinated for trial, Noriega amended her complaint to encompass the claims set forth in the

Pacheco complaint.  She then entered into a settlement agreement with Morrow-Meadows that released all claims against the company.  The trial court certified the class action, approved the settlement, and entered judgment accordingly.  Appellants contend the court erred when it:  (1) deemed Noriega an adequate class representative, and (2) approved the settlement.  Because we agree with Appellants' first contention, we do not reach the second.  We reverse.

FACTUAL AND PROCEDURAL HISTORY

*The complaints*

Morrow-Meadows is an electrical contractor.  About 95 percent of its hourly employees are unionized field workers.  The other five percent are nonunionized office workers.

Pacheco is a former Morrow-Meadows employee.  In August 2015, she filed a class action complaint on behalf of all current and former hourly employees who had worked for Morrow-Meadows in California since August 2011.  In it, she alleged that Morrow-Meadows did not:  (1) pay minimum wages, (2) pay overtime wages, (3) timely pay wages, (4) reimburse business expenses, (5) provide meal and rest periods, (6) provide compliant wage statements, or (7) keep the requisite payroll records.  She also alleged that Morrow-Meadows engaged in unlawful business practices.  She sought classwide damages for unpaid wages, premium wages, actual damages, restitution of unpaid wages, statutory penalties, interest, and attorney fees, but did not seek PAGA relief.  Robinson was added as a named plaintiff the following year.

Noriega filed her complaint in October 2015.  She alleged causes of action for minimum wage violations, overtime violations, failure to reimburse business expenses, meal and rest

period violations, wage statement violations, and failure to pay wages upon separation. Noriega brought her complaint as a representative of the State of California pursuant to PAGA, not as a class action. She sought unpaid wages, statutory civil penalties, interest, and attorney fees on behalf of Morrow-Meadows's employees who had worked for the company during the previous year.

Morrow-Meadows petitioned for coordination of the two actions. (Code Civ. Proc., § 404 et seq.; Cal. Rules of Court, rule 3.501 et seq.) Noriega opposed coordination, claiming that her case was "a purely PAGA action" requiring only limited discovery. Her attorney also stated that he did not intend to represent unionized employees. The actions were coordinated over Noriega's objections.

*Noriega settles with Morrow-Meadows*

In mid-2017, Noriega and Morrow-Meadows entered into a $1.1 million settlement that released all claims against the company, including the classwide claims asserted in the Pacheco action. The settlement provided that 75 percent of the net proceeds would go to the employees delineated in Noriega's original complaint, with the remaining 25 percent going to the additional employees delineated only in the original Pacheco complaint.

Before seeking approval of the settlement, Noriega requested leave to file an amended complaint. The proposed amended complaint asserted class action allegations on behalf of the same putative class delineated in the Pacheco complaint, including most of the same Labor Code violations. It did not include allegations related to Morrow-Meadows's alleged failure

3

to maintain requisite payroll records, however, nor did it include all of the theories on which Appellants sought recovery.

After a series of amendments, Noriega and Morrow-Meadows executed the operative fourth amended settlement agreement. Appellants objected on a number of grounds, including that Noriega was an inadequate class representative.

*Preliminary approval proceedings*

Noriega moved for preliminary approval of the settlement and certification of a settlement class. In support of the motion, Noriega's counsel submitted a declaration stating that the $1.1 million settlement was fair and reasonable because the best-case recovery was $1.8 million while the worst case was a defense verdict. Appellants objected that the claims included in counsel's declaration totaled $2.5 million, not $1.8 million. They also complained that counsel's valuation ignored several claims in their original complaint, including those made on behalf of unionized employees. They continued to object that Noriega was an inadequate class representative.

The trial court preliminarily approved the settlement, and preliminarily certified the matter as a class action with two subclasses: a PAGA subclass and a non-PAGA subclass. It found that Noriega's claims were "typical of the claims of the members of the [s]ettlement [c]lass" and appointed her as class representative, finding that she was "qualified and suitable" to serve in that role because she would "fairly and adequately protect the interests of the . . . [c]lass."

*Final approval proceedings*

After mailing out class notices, the claims administrator reported that only Appellants had objected to the settlement. Noriega moved for final approval. Attached to her

4

motion was another declaration from counsel valuing the claims in settlement, this one with a best-case recovery of slightly more than $1.8 million. The valuation excluded claims made by unionized employees for everything but the wage statement claim. Appellants' counsel countered with a valuation of more than $312 million for the settled claims plus penalties.

At the final approval hearing, Appellants complained that the settlement grossly undervalued the class claims and was reached without adequate discovery, without pursuing claims on behalf of 95 percent of the class members, and without providing the court with accurate information about the nature and magnitude of the claims. They also claimed that Noriega was not an adequate class representative.

The trial court granted final approval of the settlement. The court deemed the settlement fair and reasonable, the product of good-faith negotiations after adequate discovery. It found the difference in the amounts paid to PAGA class members and non-PAGA class members to be fair. Its order stated that it resolved all claims asserted in the coordinated proceeding.[1]

DISCUSSION

Appellants contend the trial court erred when it certified the class action and approved the settlement because it

_____

[1] After Appellants timely filed their notice of appeal, Morrow-Meadows moved to dismiss the appeal for lack of standing. We denied the motion. Morrow-Meadows and Noriega ask that we now reconsider our denial. We decline to do so: Appellants were parties of record in the coordinated action, and thus have standing to appeal. (*Hernandez v. Restoration Hardware, Inc.* (2018) 4 Cal.5th 260, 269.)

did so without setting forth its reasons for concluding that Noriega was an adequate class representative.  We agree.

"Code of Civil Procedure section 382 authorizes class actions 'when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court.'" (*Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 326 (*Sav-On Drug Stores*).)  "The party seeking certification has the burden to establish the existence of both an ascertainable class and a well-defined community of interest among class members." (*Ibid.*)  A "community of interest" requires proof of "predominant common questions of law or fact," "class representatives with claims or defenses typical of the class," and "class representatives who can adequately represent the class." (*Ibid.*)

We review the trial court's finding that Noriega was an adequate class representative for abuse of discretion.  (*Sav-On Drug Stores*, *supra*, 34 Cal.4th at p. 326.)  We will not disturb that finding "'"unless (1) it is unsupported by substantial evidence, (2) it rests on improper criteria, or (3) it rests on erroneous legal assumptions.'" [Citation.]" (*Ayala v. Antelope Valley Newspapers, Inc.* (2014) 59 Cal.4th 522, 530 (*Ayala*).)  In contrast to ordinary appellate review, "[w]e review the trial court's *actual reasons* for granting or denying certification." (*Ibid.*, emphasis added.)  "[I]f they are erroneous, we must reverse, whether or not other reasons not relied upon might have supported the ruling." (*Ibid.*)

Here, we cannot determine whether the trial court's reasons for certifying the coordinated cases as a class action were erroneous because the court did not articulate any basis for its finding that Noriega could adequately represent the settlement

6

class.  Though the court "parroted the ultimate finding needed to [grant class] certification," it "did not provide any insight into its analytic route in reaching that finding."  (*Myers v. Raley's* (2019) 32 Cal.App.5th 1239, 1247 (*Myers*).)  When it preliminarily granted certification, the court stated that Noriega was "qualified and suitable" to serve as class representative because she would "fairly and adequately protect the interests of the . . . [c]lass."  But it did not explain *why* it reached that conclusion.  Nor did the court provide an explanation at the final approval hearing.  The court's "failure to explain itself is fatal."  (*Ibid.*)

Neither Morrow-Meadows nor Noriega point to anything in the record to support a contrary conclusion.  Morrow-Meadows notes that Noriega submitted a declaration detailing the work she had done in the case, while her attorney's declaration noted his experience in class action litigation.  Were this case subject to normal appellate review standards, these declarations might provide support for the trial court's finding that Noriega would be an adequate class representative.  But this is an appeal of a class action.  "To turn to the record to concoct some basis for the trial court's [grant] of certification is to abolish the relevant standard of review . . . and apply ordinary appellate review contrary to the legion of cases that prohibit appellate revisionism."  (*Myers, supra*, 32 Cal.App.5th at p. 1251.)

Noriega similarly urges us to rely on her declaration, noting that the trial court cited it when it concluded that she was entitled to an incentive award.  This again ignores the standard of review in class action appeals, and instead would require us to infer a basis for the court's determination that Noriega would have fairly and adequately represented the class where no explanation was given.  "This we cannot do."  (*Myers, supra*, 32

Cal.App.5th at p. 1251.)  The trial court abused its discretion when it failed to explain why Noriega was an adequate class representative.  Reversal is therefore required.  (*Id.* at p. 1252; see also *Ayala*, *supra*, 59 Cal.4th at p. 530.)

DISPOSITION

The orders certifying the coordinated cases as a class action and granting final approval of the settlement, entered March 6 and 27, 2019, are vacated, and the judgment is reversed. The matter is remanded to the trial court with directions to articulate a statement of reasons for approving or denying class certification.  Appellants shall recover their costs on appeal.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

8

Yvette M. Palazuelos, Judge

Superior Court County of Los Angeles

_____

Lawyers for Justice, Edwin Aiwazian, Arby Aiwazian and Joanna Ghosh for Plaintiffs and Appellants.

Stuart Kane, Bruce D. May, Shane P. Criqui and Patricia H. Jun for Defendant and Respondent.

Sullivan Law Group, William Bransfield Sullivan and Eric Keith Yaeckel for Respondent.